Macomber, J.
This action is ejectment, and it was brought to recover the possession of a strip of land lying upon the west side of the plaintiff’s lot on Maple street, in the city of Rochester, N. Y., eleven inches wide in front, and extending back 165 feet, and ending in a width of eighteen inches in the rear.
The defense consisted of a general denial and an affirmative allegation that for more than twenty years prior to the bringing of this action, Mary Ann Bletzer, the wife of the defendant, who was not made a party to the action, and her grantors (the immediate grantor being shown to be the defendant himself) were in possession and occupation of this strip of land under a claim of title adverse to the plaintiff.
In the year 1870 a deed was made and delivered to the defendant which covered this strip of land. There was evidence to show that a substantial fence had been erected and maintained at that time on the east side of this lot, on the same line where a fence now stands. On May 12,1886, the defendant conveyed the premises to one Steger for the purpose of enabling the latter to convey the same to the defendant’s wife, Mary Ann Bletzer, which was accordingly done by deeds which contained, in substance, the same description as that contained in the deed of November 21, 1870, to the defendant himself. It was, furthermore, shown that Mary Ann Bletzer, from the time of the conveyance to her, continued in possession and occupation of the premises, the defendant living in the house and supporting the family as husband, but having no interest in the possession of the property other than as the husband of the true owner, Mary Ann Bletzer. There are allegations in the answer from which it is argued with earnestness, by the learned counsel for the appellant, that the defendant has admitted therein an actual occupation of the premises, and hence is a proper party in an action of ejectment and that a judgment may be had against him.
This argument, it is true, does not lack corroboration from certain clauses in the answer. But this pleading, taken as a whole, do.es not, as it seems to us, assert any independent possession of the real estate in question, other than that which he incidentally possessed as the husband of the true owner with whom he lived. There is nothing in the answer which shows that this defendant is the tenant of the premises, or has any control over the same. We are of the opinion that in view of the inconclusiveness of the answer upon this subject, that it was quite competent for the court to permit the evidence which was actually given, showing that the possession and occupation of the premises was wholly that of the wife, and that the husband had no interest therein except as husband of the true owner, and that consequently this action cannot be maintained against him. The evidence upon this subject being entirely uncontradicted, no question of fact arose for the con *14 sideration of the jury, and hence, as we think, the nonsuit was proper.
Judgment and order appealed from affirmed.
Dwight, P. J., and Lewis, J., concur.